**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**GARY L. MOCK,**

       **Plaintiff,**

**-vs-**                   **Case No.  6:04-cv-1415-Orl-28KRS**

**BELL HELICOPTER TEXTRON, INC.,**

       **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on Defendant's Motion to Dismiss Plaintiff's Texas State Law Claim (Doc. No. 43).  The presiding district judge, the Honorable John Antoon, II, referred the motion to me for issuance of a report and recommendation.

**I. BACKGROUND.**

   In the Complaint, Plaintiff Gary L. Mock alleges that Defendant Bell Helicopter Textron, Inc. (Bell) terminated him and replaced him with a younger, less qualified employee, in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq*., and Tex. Lab. Code § 21.051(1).  Bell moves to dismiss the Texas state law claim under Fed. R. Civ. P. 12(b)(6), contending that it fails to state a claim because the Texas statute at issue does not apply to employment of individuals outside of Texas.

**II.     STANDARD OF REVIEW.**

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In considering a motion to dismiss for failure to state a claim, the Court considers only the allegations of the complaint. Fed. R. Civ. P. 12(b)(6).

**III.    ANALYSIS.**

In the Complaint, Mock alleges both that he is a citizen and resident of Florida and that the acts underlying the Complaint occurred in Orlando, Florida. Doc. No. 1 ¶¶ 1, 4. He further alleges that Bell is incorporated in Rhode Island. *Id.* ¶ 2.[1] The question presented is, therefore, whether a citizen and resident of Florida may state a claim of age discrimination under the Texas Labor Code arising from his employment in the state of Florida.

Chapter 21 of the Texas Labor Code is entitled "Employment Discrimination." Subchapter B of Chapter 21 is entitled "Unlawful Employment Practices." Subchapter B includes section 21.051(1), which makes it an unlawful employment practice to, among other things, discharge or otherwise discriminate against an individual because of age.

---

[1] The only nexus between this case and Texas is that Mock's attorneys practice in Dallas, Texas.

Subchapter C of Chapter 21 is entitled "Application; Exceptions." It provides in section 21.111 as follows:

> This chapter does not apply to an employer with respect to the employment of a person outside this state.

Tex. Lab. Code § 21.111. Thus, under the unambiguous language of the Texas Labor Code, the provisions of Chapter 21 do not apply to Bell's employment of Mock outside the state of Texas. *Cf. Gallaspy v. Raytheon Technical Servs. Co.*, No. EP-04-CV-0012-FM, 2005 WL 1902534, at *5-6 (W.D. Tex. Aug. 9, 2005)(reasoning that Chapter 21 of the Texas Labor Code did not apply to plaintiff who was employed in Korea based on section 21.111, and because the Texas legislature had not amended the definition of employee in Chapter 21 to include Texas residents employed abroad.).

In his response to the motion to dismiss, Mock does not cite to any case in which a court has concluded that the employment discrimination provisions of the Texas Labor Code apply to individuals who were employed outside of Texas, and I have found none. Accordingly, the motion to dismiss is due to be granted.

## IV.  RECOMMENDATION.

Based on the foregoing analysis, I respectfully recommend that Defendant's Motion to Dismiss Plaintiff's Texas State Law Claim (doc. no. 43) be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

Recommended in Orlando, Florida on October 25, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy