**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GARY L. MOCK,**

                       **Plaintiff,**

**-vs-**                                             **Case No. 6:04-cv-1415-Orl-28DAB**

**BELL HELICOPTER TEXTRON, INC.,**

                       **Defendant.**

_____

## ORDER AND REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions filed herein:

| |
|---|
| **MOTION:**   **MOTION FOR SUPPLEMENTAL APPELLATE ATTORNEY'S FEES (Doc. No. 334)** |
| **FILED:**   September 16, 2010 |
| **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice. |
| **MOTION:**   **PLAINTIFF'S SUPPLEMENTAL MOTION FOR FURTHER TRIAL COURT ATTORNEY'S FEES (Doc. No. 335)** |
| **FILED:**   September 16, 2010 |
| **THEREON** it is **respectfully RECOMMENDED** that the motion be **DENIED** without prejudice. |
| **MOTION:**   **MOTION FOR LEAVE TO FILE A REPLY (Doc. No. 341)** |
| **FILED:**   October 5, 2010 |
| **THEREON** it is **ORDERED** that the motion is **DENIED** as moot. |

> **MOTION:** MOTION FOR LEAVE TO FILE A REPLY (Doc. No. 342)
>
> **FILED:** October 5, 2010
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

Plaintiff has filed an appeal of Judge Antoon's Order awarding partial fees for Plaintiff's attorney's efforts in the trial court. Doc. 331. Determination of that appeal, regardless of its outcome, will greatly affect consideration of the fee motion and provide guidance as to whether prior analysis is appropriate. Thus, any time spent analyzing the fee request at this juncture would likely be wasted. It does not appear that consideration of the appeal itself would be better informed if accompanied by a decision on these additional fee requests.

Further, it is likely that Plaintiff will seek fees yet again and the piecemeal nature of this post-judgment litigation over attorneys fees and related appeals taxes judicial resources and is the type of activity that has been characterized as "one of the least socially productive types of litigation imaginable." *Hensley v. Eckerhart*, 461 U.S. 434, 442, 103 S.Ct. 1933 (1983) (Brennan, Marshall, Blackmun, and Stevens, JJ., concurring in part and dissenting in part). The United States Supreme Court expects that a request for attorney's fees will not result in a second major litigation, and that ideally the litigants will settle the amount of the fee. *Hensley v. Eckerhart*, 461 U.S. 434, 437 (1983); *Thompson v. Pharmacy Corp. of America, Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (Lawyers should not be compensated for turning the litigation about attorney's fees into a "second major litigation."); *Association for Disabled Americans, Inc. v. Integra Resort Management, Inc.*, 385 F.Supp.2d 1272, 1286 (M.D. Fla. 2005).

The Court notes that, as to Plaintiff's request for "further" trial court attorney's fees, Plaintiff had numerous opportunities to submit his request for these fees incurred in the trial court prior to the Court's entering a Report and Recommendation on June 30, 2010 (Doc. 309) and Judge Antoon's

entry of an Order on fees on September 2, 2010 (Doc. 331), to which Plaintiff had the ability to file objections.

Plaintiff's respective Motion for Fees are **DENIED** without prejudice to reassertion after completion of the appellate process.

**DONE** and **ORDERED** in Orlando, Florida on October 8, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record